1

2

3

4

5

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

8

MARK E. MULFORD,

9

Plaintiff,

NO.  CV-12-3084-RHW

10

v.

11

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12

Defendant.

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

13

14        Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 22

15  and Defendant's Motion for Summary Judgment, ECF No. 23. The motions were

16  heard without oral argument. Plaintiff is represented by D. James Tree. Defendant

17  is represented by Assistant United States Attorney Pamela De Rusha and Special

18  Assistant United States Attorney Mathew W. Pile.

19  **I.     Jurisdiction**

20        On August 25, 2008, Plaintiff Mark Mulford filed a Title II application for

21  disability insurance benefits (DIB) and a Title XVI application for Supplemental

22  Social Security Income (SSI). Plaintiff alleges that he has been disabled since

23  September 8, 2007.

24        His application was denied initially on November 17, 2008, and again

25  denied on reconsideration on March 2, 2009. A timely request for a hearing was

26  made. On September 16, 2010, Plaintiff appeared at a video hearing in Yakima,

27  Washington before Administrative Law Judge (ALJ) Marie Palachuk, who was

28  presiding from Spokane, Washington. Dr. Arthur Lorber, medical expert, Dr.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

1  Margaret Moore, medical expert, and Deborah Lapoint, vocational expert also
2  participated. Plaintiff was represented by attorney D. James Tree.

3       The ALJ found that Plaintiff was not disabled since September 8, 2007, the
4  date the alleged disability began. Plaintiff timely requested review by the Appeals
5  Council, which was denied on April 30, 2012. The Appeals Council's denial of
6  review makes the ALJ's decision the final decision of the Commissioner. 42
7  U.S.C. §405(h). Plaintiff timely filed an appeal with the U.S. District Court for the
8  Eastern District of Washington on January 20, 2012. The instant matter is before
9  the district court pursuant to 42 U.S.C. § 405(g).

10  **II.   Sequential Evaluation Process**

11       The Social Security Act defines disability as the "inability to engage in any
12  substantial gainful activity by reason of any medically determinable physical or
13  mental impairment which can be expected to result in death or which has lasted or
14  can be expected to last for a continuous period of not less than twelve months."
15  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be
16  under a disability only if his impairments are of such severity that the claimant is
17  not only unable to do his previous work, but cannot, considering claimant's age,
18  education and work experiences, engage in any other substantial gainful work
19  which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

20       The Commissioner has established a five-step sequential evaluation process
21  for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4),
22  416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

23       Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R.
24  §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and
25  requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574,
26  416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is
27  engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571,
28  416.920(b). If he is not, the ALJ  proceeds to step two.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2**

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**III.   Standard of Review**

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors  as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV.   Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision, and will only be summarized here.

At the time of the hearing, Plaintiff was 43 years old. He attended special education throughout his time at school. He received a high school diploma with the help of job corps. He was also trained as a carpenter. Plaintiff has a significant drug habit. He testified that he last used methamphetamine a week prior to the hearing, and he uses it at least once a month, or more if he has the money. Plaintiff has no interest in attending drug treatment.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

1     Plaintiff has worked primarily as a carpenter. He reported that he was laid
2 off at his last job. At that point, he believed he was disabled due to pain in his
3 hips, knees, back and shoulder.

4     Plaintiff enjoys working in the yard, planting flowers and vegetables. (Tr.
5 327, 329, 335, 339.)

6 **V.   The ALJ's findings**

7     The ALJ found Plaintiff met the insured status requirements of the Social
8 Security Act through June 30, 2010. (Tr. 25.)

9     At step one, the ALJ found Plaintiff had not engaged in substantial gainful
10 activity since September 8, 2007, the alleged onset date. (Tr. 25.)

11     At step two, the ALJ found Plaintiff had the following severe impairments:
12 right knee with mild spurring of the upper patella present on x-rays; and right
13 shoulder pain possibly related to a laterally downsloping acromion process present
14 on x-rays.(Tr. 25.)

15     At step three, the ALJ found Plaintiff did not have an impairment or
16 combination of impairments that meets or medically equals one of the listed
17 impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 29.)

18     The ALJ found that Plaintiff has the residual functional capacity[1] to perform
19

20   [1]"RFC is what an individual can still do despite his or her functional limitations
21 and restrictions cased by his or her medically determinable physical or mental
22 impairments. It is an administrative assessment of the extent to which an
23 individual's medically determinable impairment(s), including any related
24 symptoms, such as pain, may cause physical or mental limitations or restrictions
25 that may affect his or her capacity to perform work-related physical and mental
26 activities. . . RFC is the individual's maximum remaining ability to perform
27 sustained work on a regular and continuing basis: i.e. 8 hours a day, for 5 days a
28 week, or an equivalent work schedule. SSR96-6P.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b),[2] except he can only occasionally engage in stooping, kneeling, and crouching, and can occasionally use the right upper extremity for overhead reaching. (Tr. 30.)

At step four, the ALJ found Plaintiff not capable of performing past relevant work as a carpenter (Tr. 33.)

At step five, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity and found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Specifically, the ALJ found that Plaintiff can perform the representative jobs such as agricultural produce sorter, cannery worker, or cafeteria attendant. (Tr. 33.)

## VI.    Issues for Review

Plaintiff presents the following issues with respect to the ALJ's findings:

1.   Did the ALJ err in rejecting Plaintiff's hip pain, cognitive deficits, depression, anxiety, and post-traumatic stress disorder as groundless at step two of the sequential evaluation process?

2.   Did the ALJ err in improperly rejecting the opinions of the claimant's examining medical and mental health providers?

---

[2](b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§404.1567(b); 416.967(b).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

3.  Did the ALJ err in improperly rejecting Plaintiff's subjective complaints?

**VII.  Discussion**

**1.    Step Two Analysis**

Plaintiff argues the ALJ erred in rejecting Plaintiff's hip pain, cognitive deficits, depression, anxiety, and post-traumatic stress disorder as groundless at the step two sequential evaluation process.

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1521, 216.921. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. *Id.*

**a.  Physical Impairment - Hip pain**

The ALJ concluded the medical records failed to indicate any medical signs or laboratory findings demonstrating the existence of an impairment with respect to Plaintiff's allegations of knee pain and hip pain.  This conclusion is supported by substantial evidence in the record. Specifically, the record shows that x-rays of Plaintiff's hip were negative at all times. Moreover, Plaintiff has complained about the pain for over five years, yet he has received absolutely no treatment and takes nothing to alleviate his supposedly severe pain, even though he has described the pain as constant and rated the pain 8 out of scale of 10. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Additionally, as Dr. Moore noted, in 2010, Plaintiff reported working in the yard, planting flowers and vegetable for his mother, and enjoying himself. He did not complain of any pain as a result of this activity.

Even if the ALJ erred, such error was harmless because the ALJ concluded that Plaintiff's other medical problems were severe impairments. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005); *Gray v. Comm'r of Soc. Sec. Admin.*,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

1  2010 WL 440581 *2 (Feb. 8, 2010 9th Cir.). Moreover, the failure of the ALJ to

2  identify hip and knee pain as a severe impairment is not prejudicial at Step five

3  because the ALJ considered these non-severe impairments in determining that

4  Plaintiff had the residual functional capacity to perform light work.

5          **b.  Mental Impairments - Cognitive deficits, depression, anxiety,**

6          **PTSD**

7          The ALJ did not find Plaintiff's alleged impairments of cognitive deficits,

8  depression, anxiety and post-traumatic stress disorder to be severe, and the

9  residual functional capacity determined by the ALJ did not include any non-

10 exertional limitations that reflected Plaintiff's alleged mental impairments. The

11 ALJ did not err in finding that Plaintiff's alleged depression, cognitive deficits,

12 anxiety and PTSD were not severe impairments. This finding is supported by the

13 record.

14         In 1986, Plaintiff's IQ scores were: Verbal-72; Performance-86; and Full

15 Scale-77. However, Plaintiff has never alleged that his disability is based on a

16 mental impairment. In 2009, Plaintiff reported to his substance abuse counselor

17 that he had no mental illness. Prior to discontinuing treatment, Plaintiff

18 successfully participated in group therapy. Dr. Moore testified that there was no

19 objective medical evidence in the record to support the diagnoses of major

20 depression or post-traumatic stress disorder that were reached by the DSHS

21 examiners. Additionally, Dr. Toews, a licensed psychologist, examined Plaintiff

22 and noted that he was cognitively intact and appeared to function in the low

23 average range of intelligence. His attention, concentration, and short-term memory

24 was unimpaired and he related well and interacted easily. Dr. Toews concluded

25 that Plaintiff is not limited by cognitive, mood, or affective factors.

26         Plaintiff reported to Dr. Toews that he was in special education and he had

27 good friends in school. (Tr. 241.) He worked as a framing carpenter on residential

28 and large commercial jobs. (Tr. 241.) He also stated that he was a foreman on most

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8**

jobs and a construction superintendent on at least one job. (Tr. 241.) The vocational expert testified that this was classified as skilled,[3] with a SVP of 7.[4] At the evaluation with Dr. Toews, he was able to complete routine pre-assessment information forms. He reported to Dr. Toews that he cannot work due to orthopedic problems, not because of any mental impairments. (Tr. 242.) Dr. Toews concluded that Plaintiff was able to function in the low average range of intelligence, and his attention, concentration and short-term memory were unimpaired. (Tr. 242.) He also noted that Plaintiff did not describe symptoms of major depression or other depressive diagnoses. (Tr. 243.) Thus, even though Plaintiff's IQ suggests lower intellectual functioning, his past work experience and subsequent evaluations demonstrate that he does not have severe cognitive impairments that significantly limits an individual's ability to perform basic work activities.

Mr. Alexander and Mr. Moen are not acceptable sources and therefore, their evaluations cannot be replied upon by the ALJ to determine whether Plaintiff has a medically determinable impairment. *See* 20 C.F.R. § 404.1513(a).

## 2. DSHS Evaluators

The DSHS evaluators, Mr. Anderson and Mr. Moen, concluded that Plaintiff had major depressive disorder and post-traumatic stress disorder. (Tr.

---

[3]Skilled work is defined as:

> Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustments to control or regulate the work. Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity.

20 C.F.R. § 404.1568(c).

[4]This corresponds to requiring two to four years to learn the job.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

284, 290). Additionally, Ms. Campbell assessed significant physical limitations. At the hearing, Dr. Moore testified there was no objective medical evidence in the record to support the diagnoses of major depression or post-traumatic stress disorder. (Tr. 29.) The ALJ relied on this testimony to reject the DSHS evaluator's limitations. This was not in err.

Also, the ALJ did not commit clear error in rejecting Ms. Campbell's opinions. The ALJ noted that Ms. Campbell's opinions were not substantiated by findings on a physical exam. Rather, the physical exam was largely unremarkable. The x-rays taken on Plaintiff's spine, shoulder, and knees did not support Ms. Campbell's ultimate conclusions. The ALJ's conclusions regarding Ms. Campbell's opinions is supported by substantial evidence.

### 3.    Plaintiff's Credibility

Plaintiff asserts the ALJ erred in finding he was not entirely credible.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1. The individual's daily activities; 2. The location, duration,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

Here, the ALJ gave clear and convincing reasons for discounting Plaintiff's credibility: (1) Plaintiff's subjective complaints are inconsistent with the objective evidence; (2) Plaintiff failed to obtain any treatment for the pain; (3) the record indicates that Plaintiff stopped work for reasons other than disability; and (4) substance abuse and possible secondary gain. These reasons are supported by the record.

**VIII. Conclusion**

Plaintiff has not met his burden of showing the ALJ committed legal error, or that her conclusion that Plaintiff was not disabled from September 9, 2007, to June 30, 2010, is not supported by substantial evidence. The ALJ properly found that Plaintiff was capable of performing the requirements of representative occupations such as agricultural produce sorter, cannery worker, or cafeteria attendant. Also, the record clearly establishes that even if Plaintiff had disabling psychological problems, these problems are a result of his substance abuse, and thus, would mandate a finding of not disabled. *See* 42 U.S.C. § 423(d)(2)(C).[5]

---

[5] (C) An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.  42 U.S.C. § 423(d)(2)(C).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, ECF No. 22, is **DENIED**.

2.    Defendant's Motion for Summary Judgment, ECF No. 23, is **GRANTED**.

3.    The decision of the Commissioner denying benefits is affirmed.

4.    The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 7th day of February, 2014.


 *s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2012\Mulford (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12